**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**GIUSEPPE D'ALESSANDRO,**

                              **Plaintiff,**                      **13-CV-416A(Sr)**

**v.**

**UNITED STATES OF AMERICA, et al.,**

                            **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #56.

        Plaintiff commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), on April 26, 2013, alleging that he was subjected to negligent and tortious treatment during his detention at the Buffalo Federal Detention Facility ("Detention Facility"), from November 19, 2007 through April 2, 2009. Dkt. #1, ¶ 1. More specifically, plaintiff alleges that Dr. Brenda Bailey, Clinical Medical Director at the Detention Facility and an employee of the United States Department of Homeland Security, Immigrations and Customs Enforcement's ("ICE's"), Health Services Corporation, provided inadequate medical care to plaintiff, causing significant deterioration of his health. Dkt. #1, ¶¶ 31-33.

Currently before the Court is defendants' motion to dismiss all of the individual defendants from this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, leaving the United States as the only proper defendant in this FTCA action; (2)  dismissing plaintiff's complaint against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based upon the statute of limitations; or, alternatively; (3) striking plaintiff's demand for damages in excess of the $1,800,000.00 sought in his administrative claim pursuant to 28 U.S.C. § 2675(b).  Dkt. #31.  For the following reasons, it is recommended that defendants' motion be granted.

## **FACTS**

Plaintiff was born in Italy and arrived in the United States on July 25, 1978.  Dkt. #1, ¶ 25.  Plaintiff was granted status as a lawful permanent resident on June 22, 1981.  Dkt. #1, ¶ 25.

Plaintiff was convicted of First Degree Kidnapping on June 25, 1991 following a jury trial in the County of New York.  Dkt. #1, ¶¶ 26- 27.  Upon motion by plaintiff, the trial judge vacated the verdict and granted a new trial.  Dkt. #1, ¶ 27.  The Appellate Division, First Department reinstated the verdict.  *People v. D'Alessandro*, 184 A.D.2d 114 (1st Dep't 1992).  Plaintiff was sentenced to the mandatory statutory minimum sentence of fifteen years imprisonment.  Dkt. #1, ¶ 27.

Plaintiff's direct appeal was denied by the Appellate Division, First Department on August 22, 1996. Dkt. #1, ¶ 28. *People v. D"Alessandro*, 230 A.D.2d 656 (1st Dep't 1996).

Plaintiff was ordered removed to Italy by Final Order of Removal entered March 30, 1999. Dkt. #1, ¶ 29.

Plaintiff was released from New York State custody on November 19, 2007. Dkt. #1, ¶ 30. He was immediately detained by ICE and placed in civil detention. Dkt. #1, ¶ 30. Plaintiff alleges that he "suffered from rapidly declining health" while in the custody of ICE at the Detention Facility and alleges that defendants, including Dr. Bailey, "failed to adequately treat" plaintiff and "fostered a deliberate indifference to his serious medical needs, and established policies that caused and directly led to his health and related injuries." Dkt. #1, ¶ 31.

Plaintiff filed a petition for writ of *habeas corpus* with this Court on December 15, 2008. 08-CV-914 at Dkt. #1. By Report and Recommendation entered March 25, 2009, the Hon. Victor E. Bianchini determined that ICE had failed to afford plaintiff procedural due process with respect to his continued detention. 08-CV-914 at Dkt. #16. By Decision and Order entered the same day, Judge Bianchini granted plaintiff bail. 08-CV-914, at Dkt. #17. Plaintiff was released from custody on April 2, 2009. Dkt. #1, ¶ 30.

On June 29, 2010, plaintiff's conviction was vacated and the indictment was dismissed pursuant to a writ of *error coram nobis*. *People v. D'Alessandro*, 2010 NY Slip Op 75591 (1st Dep't June 29, 2010).

On November 18, 2010, plaintiff commenced an action seeking damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against, *inter alia*, Brenda Bailey, for violation of plaintiff's Eighth Amendment right to receive adequate medical care while in the custody of ICE. 10-CV-927 at Dkt. #1. On January 10, 2011, plaintiff served a copy of the action upon Brenda Bailey pursuant to Fed. R. Civ. P. 4(I), which provides for service upon the United States and its Agencies, Corporation, Officers or Employees. Dkt. #27.

On June 16, 2011, the United States submitted a Certification of Scope of Employment which certified that "Brenda Bailey, M.D., a commissioned officer of the U.S. Public Health Service (with the rank of Captain), was performing medical or related functions, and acting within the scope of her federal office or employment, at the time of the incidents out of which the plaintiff's claims arose." Dkt. #53-2, p.104. Plaintiff's counsel declares that prior to receipt of this certification, "[plaintiff] did not know that Dr. Bailey was a federal employee acting within the scope of her employment, rather than an independent contractor of some sort working for the Government." Dkt. #53-1, ¶ 8.

By Decision and Order entered December 12, 2011, the Hon. Richard J. Arcara granted defendants motion to dismiss on the ground that *Bivens* should not be

extended to afford a damages remedy to violations of immigration regulations.  10-CV-927 at Dkt. #59.

        Plaintiff filed a motion for reconsideration and motion for leave to file an amended complaint, with a proposed amended complaint adding the United States as a defendant and several causes of action pursuant to the FTCA.  10-CV-927 at Dkt. #61 & Dkt. #63-2.  In support of the motion, plaintiff argued, *inter alia*, that although the Court acknowledged that plaintiff "requests permission to substitute the United States for [defendant Bailey], pursuant to 28 U.S.C. § 2679" (10-CV-927 at Dkt. #59, p.7), the Court had failed to address this request in its decision. 10-CV-927 at Dkt. #62, p.4. Plaintiff argued that 28 U.S.C. § 2679(d)(1) mandated such a conversion upon the defendants' submission of a certification statement as to Dr. Bailey.  10-CV-927 at Dkt. #62, p.4.  Plaintiff argued that regardless of the availability of a *Bivens* claim, the case should continue against the United States as the substituted party for Dr. Bailey under the FTCA.  10-CV-927 at Dkt. #62, p.4.

        Plaintiff submitted a claim for damage, injury or death dated February 8, 2012, seeking $1,800,000.00 in damages as a result of his unreasonable and prolonged detention and the negligent and harmful conditions within the Detention Facility which caused a significant deterioration of his physical health.  Dkt. #32, p.6. The claim was received by ICE on February 14, 2012.  Dkt. #32, p.5.  By letter dated October 29, 2012, ICE advised plaintiff that his claim was denied.  Dkt. #32, p.9.

By Text Order entered March 27, 2013, the Court granted plaintiff's motion for reconsideration and advised the parties that they would be notified if additional briefing or oral argument would be necessary.  10-CV-927 at Dkt. #72.

Plaintiff commenced this action on April 29, 2013.  Dkt. #1.

Defendants moved to dismiss this action on August 5, 2013.  Dkt. #31.

By letter dated June 18, 2014, plaintiff requested a telephone conference to discuss the status of the motion for reconsideration with respect to the *Bivens* action.  10-CV-927 at Dkt. #74.

Following five extensions of the deadline to respond to the motion to dismiss, briefing was completed on April 7, 2015.  Dkt. #54.  Plaintiff moved for oral argument on the motion on April 8, 2016.  Dkt. #55.

The motion was referred to the undersigned on October 12, 2016.  Dkt. #56.

## DISCUSSION AND ANALYSIS

**Dismissal Standard - Rule 12(b)(1)**

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the district court lacks the

statutory or constitutional power to adjudicate it.  *Markarova v. United States*, 201 F.3d

110, 113 (2d Cir. 2000).  In resolving such a motion, the Court may refer to evidence

outside of the pleadings.  *Id*.  To defeat a motion to dismiss pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure, the plaintiff bears the burden of proving subject

matter jurisdiction by a preponderance of the evidence.  *Id.*

**Individual Defendants**

        Defendants argue that the United States is the only proper defendant in

an action commenced pursuant to the FTCA.  Dkt. #33, p.1.

        Plaintiff does not dispute that the United States is the only proper party to

an FTCA claim.  Dkt. #53, p.11, n.5.

        The United States is immune from suit except to the extent that it

consents to be sued, and the terms of its consent define the court's jurisdiction.  *United

States v. Mitchell*, 445 U.S. 535, 538 (1980).  The United States has waived its

sovereign immunity with respect to suits that seek damages for injury or loss of property

resulting from the negligent or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment. 28 U.S.C.

§ 1346(b).  However, the United States is the only appropriate defendant to a FTCA

suit; federal employees enjoy absolute immunity. *Rivera v. United States*, 928 F.2d 592,

608 (2d Cir. 1991), *citing* 28 U.S.C. § 2679(b)(1); *Celestine v. Mt. Vernon Neighborhood

Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) ("The FTCA's purpose is both to allow

recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment."). As a result, it is recommended that the motion to dismiss be granted with respect to the individual defendants.

**Statute of Limitations**

The United States argues that plaintiff's claim is barred by the two year statute of limitations. Dkt. #33, p.5.

"Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013), *citing* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .."). In the instant case, plaintiff failed to file an administrative claim until February of 2012, more than 34 months after his release from immigration detention on April 2, 2009. Accordingly, plaintiff's claim is untimely.

28 U.S.C. § 2679(d)

Plaintiff argues that the statute of limitations should be tolled pursuant to 28 U.S.C. § 2679(d)(5) based upon the filing of the 2010 action which alleged the same

-8-

substantive allegations as this complaint.  Dkt. #53, pp.11-17.  More specifically,

plaintiff argues that his FTCA claim relates back to the November 18, 2010 filing of 10-

CV-927 because the substantive allegations in that complaint are the same as those in

this complaint and he filed a notice of claim within 60 days of the dismissal of 10-CV-

927, and that he filed this complaint to preserve his rights pending resolution of his

motion to amend the complaint in 10-CV-927.  Dkt. #53, pp. 13-16.


       The United States replies that the savings clause set forth in 28 U.S.C.

§ 2679(d)(5) does not apply because the prior action was a *Bivens* claim rather than an

FTCA claim; the United States was not substituted as a defendant in that action; and

that action was not dismissed for failure to exhaust pursuant to the FTCA.  Dkt. #54,

pp.2-5.


       28 U.S.C. § 2679(d)(5) provides that whenever an action or proceeding in

which the United States is substituted as the party defendant under this subsection is

dismissed for failure to first present a claim to the appropriate federal agency pursuant

to 28 U.S.C. § 2675(a), such a claim shall be deemed to be timely presented under 28

U.S.C. § 2401(b), which requires presentation of such a claim in writing to the

appropriate federal agency within two years of the accrual of the claim and

commencement of an action within 6 months of the date of mailing of the denial of the

claim by the federal agency, if: (a) the claim would have been timely had it been filed on

the date the underlying civil action was commenced, and (b) the claim is presented to

the appropriate Federal agency within 60 days after dismissal of the civil action.

Given that the United States was not substituted as the party defendant in this action and that plaintiff's claim was presented to the appropriate agency prior to the commencement of this action, plaintiff's argument is inapplicable to this action and should be addressed instead within the context of the pending decision on the grant of plaintiff's motion for reconsideration and the outstanding motion for leave to amend the complaint in 10-CV-927.

Equitable Tolling

Plaintiff argues that the statute of limitations should be tolled from the accrual of his claim in April of 2009 until June 17, 2011, when the government certified that Dr. Bailey was a federal employee.  Dkt. #53, pp.17-19.

The United States argues that equitable tolling is not appropriate in this action because plaintiff was not prevented from filing a timely claim due to extraordinary circumstances; plaintiff did not exercise reasonable diligence during the period of time he seeks to toll; and plaintiff's lawyers were not diligent in determining who to sue, the proper forum and the applicable limitations.  Dkt. #54, pp.5-9.

In *United States v. Kwai Fun Wong*, the United States Supreme Court determined that the time limits set forth in 28 U.S.C. § 2401(b) are not jurisdictional and can be tolled on equitable grounds.  __ U.S. __, 135 S.Ct. 1625 (2015).  A litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and  that some extraordinary circumstance stood in his way.  *A.Q.C. ex*

-10-

*rel. Castillo v. United States*, 656 F.3d 135, 144(2d Cir. 2011).  "The plaintiff must also show that his lawyers were reasonably diligent in determining 'the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist.'"  *Phillips*, 723 F.3d at150, *quoting A.Q.C.*, 656 F.3d at 145.

          In the instant case, it should be obvious to question whether the medical care at a federal facility was provided by a federal employee. In any event, even rudimentary research would have revealed that Brenda Bailey has been a defendant in several cases in the Western District of New York in which her status as an employee of the Public Health Service and the consequence of that status were discussed. *See Libbett v. Doody,* 686 F. Supp.2d 271, 275 (W.D.N.Y. Feb. 23, 2010) (Dr. Brenda Bailey, as employee of Public Health Service, is absolutely immune from suit; FTCA is the exclusive remedy for claims of indifference to medical needs against members of the Public Health Service); *Anson v. Brenda Bailey*, No. 06-CV-394, 2009 WL 414017, at *2 (W.D.N.Y. Feb. 18, 2009) (certification that defendant was an employee of the Public Health Service left plaintiff with FTCA action against the United States as his sole remedy); *Lovell v. Cayuga Corr. Facility*, No. 02-CV-664, 2004 WL 2202624, at *2 (W.D.N.Y. Sept. 29, 2004) (plaintiff's only remedy for injuries attributable to his allegations of denial of adequate medical care by Brenda Bailey, an employee of the Public Health Service providing medical services at the Buffalo Federal Detention Center, is pursuant to the FTCA); *Valdivia v. Hannefed*, No. 02-CV-424, 2004 WL 1811398, at *4 (W.D.N.Y. Aug. 10, 2004) (even if Brenda Bailey, M.D., Clinical Director

at the Buffalo Federal Detention Facility was added as a party with personal involvement in plaintiff's medical treatment, her actions would fall within the scope of her employment with the Public Health Services, requiring plaintiff to seek relief pursuant to the FTCA).  Finally, counsel for plaintiff served Dr. Bailey pursuant to Rule 4(I) of the Federal Rules of Civil Procedure, the Rule applicable to service upon the United States and its employees, on January 10, 2011, several months before the deadline for filing an administrative claim.  As plaintiff can claim neither diligence in assessing Dr. Bailey's employment status or extraordinary circumstances preventing his discovery of her status as a federal employee, it is recommended that plaintiff's request for equitable tolling be denied.

**Limitation on Damages**

The United States argues that 28 U.S.C. § 2675(b) limits plaintiff's damages to the amount set forth in his notice of claim.  Dkt. #33, p.6.

Plaintiff does not dispute that his damages are limited to the amount sought in his administrative claim.  Dkt. #53, p.11, n.5.

28 U.S.C. § 2675(b) provides that an action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."  As

plaintiff presented a claim in the amount of $1,800,000.00 and has not argued any basis for increasing that amount as set forth in the statute, it is recommended that, in the event the district court disagrees with the recommendation to dismiss this action as untimely, plaintiff's claim should be limited to $1,800,000.00.

## CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion to dismiss the complaint (Dkt. #31), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
             **January  4, 2017**

                                     *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**