UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

────────────────────────────

GIUSEPPE D'ALESSANDRO,

          Plaintiff,

   -vs-

UNITED STATES OF AMERICA, et al.,

          Defendants.

**DECISION AND ORDER**

**No. 1:13-cv-00416-MAT-HKS**

────────────────────────────

## I.    Introduction

This is an action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674.[1] The case was transferred to the undersigned on June 4, 2019 (2013 Docket No. 66).[2] Currently pending before the Court is the Report and Recommendation ("R&R") (2013 Docket No. 57) of Hon. H. Kenneth Schroeder, United States Magistrate Judge recommending that the Motion to Dismiss (2013 Docket No. 31) filed by the United States of America ("the Government") and the individual defendants be granted and that the 2013 Action be dismissed in its entirety. For

────────────────────

[1]
    The FTCA waives sovereign immunity in certain cases involving negligence committed by federal employees in the course of their employment, 28 U.S.C. § 1346(b)(1), making the United States liable "in the same manner and to the same extent as a private individual under like circumstances," id. § 2674. E.g., Dolan v. U.S. Postal Serv., 546 U.S. 481, 484-85 (2006).

[2]
    The related case, D'Alessandro v. Chertoff, et al., 1:10-cv-00927-MAT ("the 2010 Action"), was transferred to the undersigned June 11, 2019 (2010 Docket No. 78). Citations to "Docket No." preceded by 2010 refer to docket entries in the 2010 Action; citations to "Docket No." preceded by 2013 refer to docket entries in the 2013 Action.

the reasons discussed below, the Court rejects the R&R and finds that the 2013 Complaint is timely.

## II. Factual Background and Procedural Status

### A. Plaintiff's Immigration Detention and Habeas Relief

D'Alessandro's underlying criminal conviction, subsequent immigration proceedings and unlawful civil detention culminating in the grant of Federal habeas corpus relief, and reversal of his conviction has been extensively discussed in this Court's previous decisions. See, e.g., D'Alessandro v. Chertoff, No. 10-CV-927A, 2011 WL 6148756 (W.D.N.Y. Dec. 12, 2011) (Arcara, D.J.); D'Alessandro v. Mukasey, 628 F. Supp.2d 368 (W.D.N.Y. 2009) (Arcara, D.J./Bianchini, M.J.); People v. D'Alessandro, No. 8175-90, 2010 N.Y. Slip Op. 75591 (App. Div. 1st Dep't June 29, 2010) (unpublished), lv. denied, 909 N.Y.S.2d 28 (Table) (N.Y. Sept. 29, 2010). The Court need not recite the troubling facts giving rise to D'Alessandro's first lawsuit in 2010. However, in order to resolve the pending Motion to Dismiss, the Court must delve into the convoluted procedural histories of the 2013 Action and the related 2010 Action.

### B. The 2010 Action

In the 2010 Complaint, filed November 18, 2010, D'Alessandro sued Brenda Bailey, M.D. and various other employees and officers of the Government pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Dr. Bailey was

the Clinical Medical Director of the Buffalo Federal Detention Facility where D'Alessandro was detained from November 19, 2007, until April 2, 2009. The 2010 Complaint alleged, _inter alia_, that Dr. Bailey denied D'Alessandro adequate medical care in violation of his constitutional rights and that the Federal officials responsible for reviewing his detention denied him due process of law under the Fifth Amendment by failing to provide him with the legally required custody reviews and improperly evaluating his risk of flight and danger to the community. The 2010 Complaint, which sought compensatory and punitive damages, alleged the following causes of action: (1) deprivation of liberty without due process of law in violation of the Fifth Amendment; (2) unreasonable seizure in violation of the Fourth Amendment; (3) deliberate indifference to Plaintiff's liberty interest in violation of the Eighth Amendment; (4) deliberate indifference and denial of medical care in violation of the Eighth Amendment; and (5) maintaining customs and policies in violation of the Fourth, Fifth, and Eighth Amendment.

On June 16, 2011, the Government filed two motions to dismiss the 2010 Complaint. One motion (2010 Docket No. 37) was filed on behalf of the eight local Government officials who were stationed at or around the Batavia Federal Detention Facility where D'Alessandro was held in custody during the relevant time (Michael T. Phillips, Martin Herron, Charles Mule, Sean Gallagher,

Earl DeLong, Kevin Oetinger, Darrel Crotzer, and Brenda Bailey, M.D. ("the Local Defendants")). The other motion to dismiss (2010 Docket No. 38) was filed on behalf of the remaining six defendants, who were high-level executive branch officials stationed in Washington, D.C. during the relevant time (Eric Holder, Jr., Michael B. Mukasey, Janet Napolitano, Michael Chertoff, Julie L. Myers Wood, and John P. Torres ("the Washington Defendants")).

On June 17, 2011, the Government submitted a Certification of Scope of Employment ("Certification") pursuant to 42 U.S.C. § 233(g)(1)(F) with regard to Brenda Bailey, M.D. The Certification stated in relevant part that

> with respect to the claims set forth in the [2010]
> complaint, Defendant Brenda Bailey, M.D., a commissioned
> officer of the U.S. Public Health Service (with the rank
> of Captain), was performing medical or related functions,
> and acting within the scope of her federal office or
> employment, at the time of the incidents out of which the
> plaintiff's claims arose.

Certification, ¶ 2.

In its memorandum of law (2010 Docket No. 37-1) supporting the Local Defendants' Motion to Dismiss, the Government argued that Plaintiff has no right of action under <u>Bivens</u> for any claim relating to the fact or duration of his immigration detention. Consequently, the Government argued, all such detention claims against the Local Defendants, whether pleaded under the Fourth, Fifth, or Eighth Amendments, should be dismissed as a matter of law. Second, the Government contended, because Dr. Bailey is a

-4-

commissioned Public Health Service ("PHS") officer, she enjoys absolute immunity under 42 U.S.C. § 233(a) with respect to any claim alleging inadequate medical care. The Government argued that since Dr. Bailey is not implicated in any detention claim and is absolutely immune from suit with regard to any claim based on the alleged provision of inadequate medical treatment, she should be dismissed as a defendant. Third, the Government contended, all Bivens claims against all Local Defendants should be dismissed on the ground of qualified immunity.

D'Alessandro opposed the Local Defendants' motion, arguing in his memorandum of law (2010 Docket No. 45) that his Bivens claims are well-established in existing precedent and that no alternative remedies or "special factors" exist such that a Bivens claim is barred in this particular context. D'Alessandro also argued that qualified immunity is not available to the Local Defendants because the Court (Arcara, D.J./Bianchini, M.J.) previously held that a "reasonable official" could not have found that D'Alessandro's continued detention was constitutional, that the Local Defendants failed to comply with the applicable regulations in determining to continue his custody, and that the conduct by each of the Local Defendants was not that of a "reasonable official." D'Alessandro agreed that Dr. Bailey was absolutely immune from suit under Bivens due to her status as a PHS doctor. However, D'Alessandro

maintained, the claims regarding the denial of medical care were properly pleaded.

In its brief (2010 Docket No. 38-1) in support of the Washington Defendants' motion to dismiss, the Government argued that all of the defendants except Michael Mukasey should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).[3] The Government further urged that all of these defendants, including Michael Mukasey, should be dismissed for improper venue under Rule 12(b)(3). For the same reasons advanced in the Local Defendants' brief, the Government argued that Plaintiff has no right of action under <u>Bivens</u> as against the Washington Defendants for any claim relating to the fact or duration of his immigration detention. Accordingly, the Government argued, any such claim should be dismissed as to the Washington Defendants under Rule 12(b)(6). Moreover, the Government contended, Plaintiff failed to allege the requisite personal involvement by the Washington Defendants who were, in any event, entitled to qualified immunity.

D'Alessandro filed a brief opposing the Washington Defendants' motion to dismiss. 2010 Docket No. 46.

On December 12, 2011, the Court (Arcara, D.J.) issued a Decision and Order ("the 2011 Decision") (2010 Docket No. 59) granting Defendants' Motions to Dismiss (2010 Docket Nos. 37 & 38) for failure to state a claim under <u>Bivens</u>. Relying on a Ninth

---

[3]     Unless otherwise noted, all references herein to "Rule" are to the Federal Rules of Civil Procedure.

Circuit case, <u>Mirmehdi v. United States</u>, 662 F.3d 1073 (9th Cir. 2011), the 2011 Decision held that relief under <u>Bivens</u> is not available in the context of "wrongful immigration custody pending removal." 2011 Decision at 9. The 2011 Decision noted that "[s]ince the Court [was] dismissing the complaint in its entirety for failure to state a claim under <u>Bivens</u>, consideration of defendants' other arguments for dismissal [was] unnecessary." <u>Id.</u> at 11.

D'Alessandro then filed a Motion for Reconsideration and Leave to File an Amended Complaint ("Reconsideration Motion"). 2010 Docket Nos. 61 & 62. D'Alessandro submitted a proposed First Amended Complaint (2010 Docket No. 63-1) specifically asserting claims under the FTCA, as well as substituting the Fifth Amendment for the Eighth Amendment in several of the causes of action. In addition, D'Alessandro submitted supplemental legal authority distinguishing <u>Mirmehdi</u> and holding that a <u>Bivens</u> action could be maintained based on the denial of due process in deportation proceedings. 2010 Docket No. 65. As grounds for reconsideration, D'Alessandro argued that the Court had overlooked four of his arguments as well as controlling case law. First, D'Alessandro argued, the 2011 Decision failed to distinguish, or even address, the case law from the Second Circuit which holds contrary to <u>Mirmehdi</u>. Second, although the Court had requested supplemental briefing, <u>see</u> 2010 Docket No. 57, on the issue of "whether the Ninth Circuit's opinion in the <u>Mirmehdi</u> case is distinguishable,"

the 2011 Decision did not address D'Alessandro's contention that Mirmehdi is limited to illegal aliens whose detention occurred during deportation proceedings, whereas D'Alessandro is a legal permanent resident whose detention occurred after deportation proceedings had concluded. Third, D'Alessandro had requested, in his opposition to the motions to dismiss, that the claims against Dr. Bailey be converted to claims against the United States under the FTCA, 28 U.S.C. § 2679, and that he be permitted to replead so as to assert FTCA claims against the United States. Although observing that D'Alessandro had raised this argument, the 2011 Decision did not address it. D'Alessandro contended that this argument was significant, because regardless of the availability of a Bivens claim, the 2010 Action should have continued against the United States as the substituted party for Dr. Bailey under the FTCA. Fourth, D'Alessandro pointed out, the 2011 Decision only addressed the Bivens claims based on the fact of, and harm caused, by his unlawful detention; the 2011 Decision did not address his claim based on the unconstitutional conditions of his detention, a separate claim which Mirmehdi did not dispute could be maintained as a Bivens action.

The Government opposed the Reconsideration Motion, arguing that Plaintiff had not demonstrated reconsideration was warranted as to the dismissal of his Bivens claims based on his immigration detention or his request to substitute the United States in place

-8-

of Dr. Bailey. The Government noted that while the 2011 Decision correctly dismissed the separate <u>Bivens</u> claim challenging Plaintiff's medical treatment while in custody, it had "no objection" to the Court clarifying the basis for its decision in that regard. Lastly, the Government contended that the proposed First Amended Complaint would be subject to dismissal immediately because Plaintiff failed to comply with certain FTCA requirements, including the exhaustion of administrative remedies. 2010 Docket No. 66.

In response, D'Alessandro submitted additional argument regarding the legal authority previously submitted. 2010 Docket No. 67. D'Alessandro also filed a Notice of Appeal with the Second Circuit Court of Appeals. 2010 Docket No. 68. That appeal remains stayed; D'Alessandro has been filing monthly "update" letters, advising the Second Circuit about the status of proceedings in this Court.

On February 8, 2012, while the Reconsideration Motion was pending, D'Alessandro filed a claim with United States Immigration and Customs Enforcement ("ICE") regarding his tort claims vis-a-vis the Government. ICE denied the claim in a letter dated October 29, 2012, stating that if D'Alessandro wished to file a Federal lawsuit against the United States for damages, pursuant to 28 U.S.C. § 2401(b), he was required to do so no later than six months after the date of mailing of the letter.

On March 27, 2013, the Court issued a text order stating as follows: "[T]he motion for reconsideration is GRANTED. The Court will advise the parties by Text Order should additional submissions be required. Oral argument will be at the discretion of the Court." 2010 Docket No. 72. However, no decision was ever issued on the branch of the Reconsideration Motion (2010 Docket No. 61) seeking leave to file the proposed First Amended Complaint in the 2010 Action. D'Alessandro's Motion for a Telephone Conference or Other Guidance (2010 Docket No. 74) filed on June 19, 2014 also remains pending. The Government filed additional notices of supplemental authority with the Court on May 13, 2013 (2010 Docket No. 73) and January 9, 2018 (2010 Docket No. 77).

**C.   The 2013 Action**

On April 26, 2013, D'Alessandro instituted the 2013 Action under the FTCA, naming the substantially the same defendants as in the 2010 Action, including Dr. Bailey. The 2013 Complaint alleged the following causes of action: (1) negligent continued imprisonment and detention; (2) failure to provide proper medical treatment; (3) false imprisonment; (4) intentional infliction of emotional distress; and (5) abuse of process. D'Alessandro seeks compensatory damages in the amount of $8.25 million and attorney's fees.

On August 5, 2013, the Government filed a Motion to Dismiss (2013 Docket No. 31); Declaration (2013 Docket No. ); and

Memorandum of Law in Support ("Gov't MTD Mem.") (2013 Docket No. 33). Pursuant to Rule 12(b)(1), the Government argued that the 2013 Complaint should be dismissed as untimely under 28 U.S.C. § 2401(b). That section provides that the "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). The Government asserted that D'Alessandro's claim accrued, at the latest, on the date he was released from ICE custody on April 2, 2009. The Government noted that D'Alessandro filed an administrative tort claim with ICE on February 12, 2012; ICE denied the administrative claim on October 29, 2012; and D'Alessandro commenced this action on April 26, 2013, alleging that Defendants committed various torts against him during the time he was in ICE custody from November 19, 2007, until April 2, 2009. Observing that two years, ten months, and ten days elapsed between April 2, 2009, and the filing of the administrative claim with ICE on February 12, 2012, the Government argued that the 2013 Complaint must be dismissed based on the failure to file an administrative claim within the FTCA's two-year statute of limitations. The Government also argued that the 2013 Complaint must be dismissed for lack of subject matter jurisdiction as against all defendants other than the United States because the United States is the only proper defendant in an action under the FTCA, 28 U.S.C. §§ 1346(b)(1) and 2679(a). Alternatively, the

Government asserted that pursuant to Rule 12(b)(1) and 28 U.S.C. § 2675(b), Plaintiff's demand for damages in excess of the $1.8 million sought in his administrative claim should be stricken.

D'Alessandro filed an Memorandum of Law in Opposition ("Pl.'s MTD Mem.") (2013 Docket No. 53) arguing that the 2013 Complaint is timely when considered under provisions of the FTCA that provide for tolling and extension of the two-year statute of limitations. D'Alessandro indicated that he did not dispute the Government's first and third arguments in support of its motion to dismiss, namely, that the United States is the only proper defendant and that he is limited to the amount of damages sought in his administrative claim to ICE.

The Government filed a Reply Memorandum of Law ("MTD Reply") (2013 Docket No. 54), arguing that 28 U.S.C. § 2679(d)(5)'s savings period was not triggered because the two statutory prerequisites were not met, i.e., "an action or proceeding in which the United States is substituted as the party defendant under this subsection," which action then "is dismissed for failure first to present a claim pursuant to section 2675(a) of this title." 28 U.S.C. § 2679(d)(5). Furthermore, the Government contended, assuming arguendo that equitable tolling does apply in FTCA cases, D'Alessandro has not demonstrated that extraordinary circumstances prevented him from filing a timely claim; that he acted with reasonable diligence throughout the time he seeks to have tolled;

and that his lawyers were diligent in determining whom to sue, the proper forum, and the limitations periods that may apply.

On January 17, 2017, Magistrate Judge Schroeder issued his R&R (2013 Docket No. 57) which recommended granting the Government's Motion to Dismiss the FTCA claim as untimely. The R&R reasoned that the 2010 Action did not toll the limitations period under 28 U.S.C. § 2679(d)(5) because the Government "was not substituted as the party defendant" in the 2010 Action. R&R at 9-10.

D'Alessandro filed a Memorandum of Law in Support of Objections to the R&R ("Pl.'s Obj. Mem.") (2013 Docket No. 62-11) asserting that R&R incorrectly determined that this action is untimely because, pursuant to 28 U.S.C. § 2679(d)(1), the Government was automatically substituted as the defendant in the 2010 Action once it certified its employees were acting within the scope of their employment, and the case was dismissed as to those employees. Therefore, D'Alessandro argued, his claims in the 2013 Action are timely under 28 U.S.C. § 2679(d)(5), which provides for relation back of an action to the date of the original filing when such substitution occurs. On March 13, 2017, the Government filed a memorandum of law in response to Plaintiff's objections ("Gov't Obj. Mem.") (2013 Docket No. 63). D'Alessandro filed a memorandum of law in further support of his objections ("Pl.'s Obj. Reply") (2013 Docket No. 65).

**III.     Standard of Review**

Recommendations made by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) "need not be automatically accepted by the district court." Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). Should either party object to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Second Circuit has clarified that "[e]ven if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." Grassia, 892 F.2d at 19. Rather, "'[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. . . .'" Id. (quoting 28 U.S.C. § 636(b)(1); citing Mathews v. Weber, 423 U.S. 261, 271 (1976); McCarthy v. Manson, 714 F.2d 234, 237 n. 2 (2d Cir. 1983)).

**IV. Discussion**

   **A.   Plaintiff's First Objection: The Government's Substitution as Defendant Was Compulsory Upon Certification**

D'Alessandro takes issue with the R&R's finding that 28 U.S.C. § 2679(d)(5) did not apply because the Government did not substitute itself as a party in the 2010 Action. D'Alessandro notes that despite filing the Certification in June of 2011, the

Government did not move to substitute the United States as a party-defendant pursuant to 28 U.S.C. § 2679(d)(1). Regardless, D'Alessandro argues, pursuant to 28 U.S.C. § 2679(d)(1), the United States was, by statute, substituted for Dr. Bailey upon the Certification's filing. D'Alessandro accuses the Government of sharp practice insofar as it waited until just after two years from the granting of the habeas petition on May 29, 2009, long after the 2010 Action was commenced, to submit the Certification. D'Alessandro argues that had the Government submitted the Certification substituting itself as party-defendant at the outset of the 2010 Action, D'Alessandro could have explicitly asserted his FTCA claims earlier. Moreover, D'Alessandro points out, the Court overlooked his request, made in his opposition to the Government's Motions to Dismiss the 2010 Complaint, that the Court effect the substitution of the United States as a party defendant in place of Dr. Bailey. The 2011 Decision noted this request and cited the relevant statutory provision but dismissed the 2010 Complaint without addressing the substitution issue.

The Westfall Act's certification and compulsory substitution provision, 28 U.S.C. § 2679(d)(1), provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references

thereto, and the United States shall be substituted as
the party defendant.

28 U.S.C.A. § 2679(d)(1) (West).

The Government argues that because the Certification was made
"pursuant to the provisions of 42 U.S.C. § 233" of the Public
Health Services Act,[4] rather than the Federal Employees Liability
Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694,
§ 8(b), 102 Stat. 4563,[5] its certification and compulsory
substitution provision, see 28 U.S.C. § 2679(d)(1), and relation
back provision, see 28 U.S.C. § 2679(d)(5), do not apply.

D'Alessandro counters by noting that courts routinely accept
certification pursuant to 42 U.S.C. § 233(g)(1)(F) for purposes of
requiring substitution of the Government as a party defendant
without the necessity of supplying additional certification through
28 U.S.C. § 2679(d)(1). See Pl.'s Obj. Mem. (Docket No. 62-11) at
12-13; see also Pl.'s Obj. Reply (Docket No. 65) at 2-3 (citing,

---

[4]
    The Public Health Services Act ("PHSA"), 42 U.S.C. § 201, et seq., as
amended by the Federally Supported Health Centers Assistance Act of 1992
("FSHCAA"), "provides that eligible community health centers and their employees
are considered federal agency employees under the PHS Act for certain purposes."
Mele v. Hill Health Ctr., 609 F. Supp.2d 248, 256 (D. Conn. 2009) (citing 42
U.S.C. § 233(g)(1)(A), (F)). Under 42 U.S.C. § 233(a), employees of covered
health centers "enjoy immunity from medical malpractice claims or other claims,
including claims for violating constitutional rights, if the alleged harmful
action occurred while the employees were providing medical or related services."
Id. (citing Cuoco v. Moritsugu, 222 F.3d 99, 108 (2d Cir. 2000))

[5]
    The Federal Employees Liability Reform and Tort Compensation Act of 1988
is commonly known as the Westfall Act. Gutierrez de Martinez v. Lamagno, 515 U.S.
417, 420 (1995). Pursuant to the Westfall Act, Federal employees are afforded
"absolute immunity from common-law tort claims arising out of acts they undertake
in the course of their official duties." Osborn v. Haley, 549 U.S. 225, 229
(2007) (citing 28 U.S.C. § 2679(b)(1)).

inter alia, Bryant v. Roosa, No. 15-CV-440-FPG, 2016 WL 320990, at
*2 (W.D.N.Y. Jan. 25, 2016) (in an medical malpractice action
brought under the FTCA, the Department of Health and Human Services
deemed defendant Universal Primary Care to be an employee of the
PHS and the Government certified that certain defendants all acted
within the scope of their employment as health care providers under
the FSHCAA; "based upon these certifications," the district court
substituted the United States in place of those defendants);
Rosenblatt v. St. John's Episcopal Hosp., No. 11-CV-1106 ERK CLP,
2012 WL 294518, at *1 & n. 2 (E.D.N.Y. Jan. 31, 2012) (following
Department of Health and Human Services' issuance of certification
pursuant to 42 U.S.C. § 233(g) that a defendant physician was
acting within the course and scope of her federal employment as an
employee of a covered medical center, the district court
substituted the United States of America as a party defendant
pursuant to 42 U.S.C. § 233(a), (c), and (g), and 28 U.S.C.
§ 2679(d)(2), for the physician); Hutchinson v. United States,
01-cv-1198(ILG), 2006 WL 1154822, at *1 (E.D.N.Y. Apr. 28, 2006)
(court noted that effective October 1, 1996, BMS and BMS employees
Gumbs and Alerte were indemnified by the government as federal
employees pursuant to 42 U.S.C. § 233(g) and 28 U.S.C.
§§ 2671-2680; consequently, the United States was substituted for
those defendants as of October 1, 1996)).

The Government cites <u>Hui v. Castaneda</u>, 559 U.S. 799 (2010), as controlling authority rebutting the above-cited cases. The question presented in <u>Hui</u> was whether the immunity provided by 42 U.S.C. § 233(a) precludes <u>Bivens</u> actions against individual PHS employees for harms arising out of constitutional violations committed while acting within the scope of their employment. The Supreme Court held that it did: "Section 233(a) makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.' . . ." 559 U.S. at 802; <u>see also id.</u> at 808-11. From this holding, the Government extrapolates that because Dr. Bailey asserted absolute immunity under 42 U.S.C. § 233(a) of the PHSA rather than under 28 U.S.C. § 2679(d)(1) of the FTCA, and because the PHSA lacks the sort of "substitution" provision contained in § 2679(d)(1) of the FTCA, <u>Hui</u>, 559 U.S. at 810 n. 9, "substitution" of the United States in place of Dr. Bailey in 2010 Action raising <u>Bivens</u> claims action was not possible under 42 U.S.C. § 233. The Government reasons that since Dr. Bailey was only sued for alleged violations of the United States Constitution under <u>Bivens</u>, substitution under 28 U.S.C. § 2679(d)(1) of the FTCA would have been inappropriate as that statute excludes constitutional claims from its reach. <u>See</u> 28 U.S.C. § 2679(b)(2)(A) (the FTCA's exclusive-remedy provisions

-18-

in § 2679(b)(1) do not "extend or apply to a civil action against an employee of the Government . . . which is brought for a violation of the Constitution of the United States"); Hui, 559 U.S. at 805 (recognizing this "exception" in the FTCA for "constitutional violations").

The Court finds that the Government is reading too much into Hui, which dealt with the scope of immunity rather than substitution of parties and thus was not called upon to address the precise question presented here. There, the key issue was whether the respondents, survivors of an immigration detainee, could hold PHS employees liable under Bivens. To that end, they argued that 42 U.S.C. § 233's lack of a procedure for "scope certification" in federal-court actions meant that 42 U.S.C. § 233(a) does not make the remedy under the FTCA exclusive of all other actions against PHS personnel. 559 U.S. at 810. Thus, the respondents in Hui reasoned, PHS employees seeking to invoke the immunity provided by § 233(a) must rely on the FTCA's scope certification procedure in 28 U.S.C. § 2679(d), which is in turn subject to the "limitations and exceptions" applicable to FTCA actions, including the exception for Bivens actions provided by 28 U.S.C. § 2679(b)(2). Hui, 559 U.S. at 810-11 (citation omitted). The Supreme Court disagreed, siding with the PHS employees who argued that there is "no reason to believe" that scope certification by the Attorney General is a prerequisite to immunity under 42 U.S.C. § 233(a). Id. at 811. The

Supreme Court observed that "in most § 233(a) cases," "proof of scope is . . . established by a declaration affirming that the defendant was a PHS official during the relevant time period." Id. "Thus, while scope certification may provide a convenient mechanism for establishing that the alleged misconduct occurred within the scope of the employee's duties, the procedure authorized by § 2679(d) is not necessary to effect substitution of the United States." Id. The Supreme Court observed that the FTCA's scope certification procedure was enacted almost two decades after 42 U.S.C. § 233(a), which "confirms that Congress did not intend to make that procedure the exclusive means for PHS personnel to invoke the official immunity provided by § 233(a)." Id. In this Court's view, the foregoing language in Hui undercuts rather than bolsters the Government's substitution argument.

Furthermore, the Government's argument conveniently glosses over the interrelatedness between the PHSA and the FTCA. As an initial matter, 42 U.S.C. § 233(a) is narrower in scope than the FTCA; it applies to a discrete group of Federal employees working at covered health centers who statutorily "enjoy immunity from medical malpractice claims or other claims, including claims for violating constitutional rights, if the alleged harmful action occurred while the employees were providing medical or related services." Mele v. Hill Health Ctr., 609 F. Supp.2d 248, 256 (D. Conn. 2009) (citing Cuoco v. Moritsugu, 222 F.3d 99, 108

(2d Cir. 2000)). The Certification in this case was signed by the Acting Director, Torts Branch, Civil Division, United States Department of Justice, acting pursuant to the provisions of 42 U.S.C. § 233, and "by virtue of the authority vested in [him] by 28 C.F.R. § 15.4." 2010 Docket No. 37-12.

The regulation cited in the Certification, 28 C.F.R. § 15.4, provides that "[t]he United States Attorney for the district where the civil action or proceeding is brought, or any Director of the Torts Branch, Civil Division, Department of Justice, is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a). It further provides that the officials specified in subsection (a) are "authorized to make the statutory certification that the covered person was acting at the time of the incident out of which the suit arose under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy." 28 C.F.R. § 15.4(b); see also Cuoco, 222 F.3d at 107 (defendants' "complained of behavior . . . occurred within the scope of their offices or employment and during the course of their 'performance of medical . . . or related functions,' 42 U.S.C. § 233(a)," and, as such, plaintiff's "exclusive remedy for injuries caused by that behavior is . . . against the United States under

the Federal Tort Claims Act"). "When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, generally authorizes substitution of the United States as the defendant." Hui, 559 U.S. at 801-02. After reviewing Hui and reading in context the applicable regulation and statutory sections (28 C.F.R. § 15.4 and 42 U.S.C. § 233), the Court is not persuaded by the Government's interpretation of Hui as requiring additional certification beyond 42 U.S.C. § 233(g)(1)(F) in order to substitute the United States as a party defendant. Once a certification is made pursuant to 42 U.S.C. § 233(g)(1)(F), 28 C.F.R. § 15.4 mandates that the exclusive remedy against the subject employee is the FTCA, which itself authorizes substitution. See Hui, 559 U.S. at 801-02.

The fact that D'Alessandro did not specifically identify the FTCA in the 2010 Complaint does not alter this Court's analysis. As D'Alessandro points out, the original 2010 Complaint set forth all the facts necessary to allege a cause of action under the FTCA against Dr. Bailey for her alleged negligence in rendering medical care.[6] The Government does not dispute that the substantive

---

[6]
    Pursuant to the FTCA, the United States has waived sovereign immunity only for claims asserted

        [1] against the United States, [2] for money damages . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a

allegations against Dr. Bailey are the same in both the 2010 Action and 2013 Action. Indeed, courts have construed complaints specifically asserting <u>Bivens</u> claims as raising FTCA claims even though the FTCA was not mentioned by the plaintiffs. <u>See</u>, <u>e.g.</u>, <u>Early v. Shepherd</u>, No. 216CV00085JMSMJD, 2017 WL 4650873, at *4 (S.D. Ind. Oct. 17, 2017) (ordering the substitution of the United States as the proper defendant as to the claim that defendant Shepherd provided inadequate dental care under the FTCA, notwithstanding the fact certification was made pursuant to 42 U.S.C. § 233 and that the complaint specifically referenced <u>Bivens</u> and a racketeering statute and did not cite the FTCA); <u>Cuello v. United States</u>, No. 11-CV-2216(KAM), 2013 WL 1338839, at *1, *3 & n. 4 (E.D.N.Y. Mar. 29, 2013) (court noted that plaintiff's allegations in the <u>Bivens</u> action against certain defendants could liberally be construed as FTCA claims, insofar as plaintiff appeared to allege that these defendants negligently failed to adhere to the BOP's safety regulations regarding segregation of inmates and negligently failed to provide plaintiff with prompt and adequate medical care after the alleged attack); <u>Robinson v. Lindsay</u>, No. 09 CV 2852(RJD)(SMG), 2011 WL 3876977, at *3 (E.D.N.Y. Sept. 1, 2011) (plaintiff asserted an Eighth Amendment claim for

---

> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred.

<u>FDIC v. Meyer</u>, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).

deliberate medical indifference under <u>Bivens</u>; court found that he had alleged at most negligence which would "support an FTCA claim against the federal government as a whole"; "[d]efendants concede as much and request that the United States be substituted as a defendant").

In sum, the Court concludes that it is proper to accept certification pursuant to 42 U.S.C. § 233(g)(1)(F) as triggering the mandatory substitution of the United States as the proper defendant under the Westfall Act, and that no special certification through the Westfall Act was required.

**B.    Plaintiff's Second Objection: The 2013 Complaint Relates Back to the 2010 Complaint**

D'Alessandro argues that in light of the compulsory substitution of the Government as the defendant in the 2010 Action, occasioned by the Government's filing of the Certification under 42 U.S.C. § 233(g)(1)(F), the instant action is timely under the "savings clause" or "relation back" provision of the Westfall Act, 28 U.S.C. § 2679 (d)(5). Section 2679(d)(5) states as follows:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--
>
>> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C.A. § 2679(d)(5) (West).

The Government argues that the savings clause of 28 U.S.C. § 2679(d)(5) is not applicable in this case because (1) express substitution did not occur in the 2010 Action, and (2) the 2010 Action was dismissed due to special factors counseling against extending Bivens to what the Court viewed as a new context, as opposed to being dismissed for a failure to exhaust administrative claims under the FTCA. First, as discussed above, the Court already has found that substitution of the United States effectively occurred the instant the Government certified that Dr. Bailey was a PHS employee under 42 U.S.C. § 233.

Second, the Court disagrees that the 2011 Decision dismissing the 2010 Action precludes applicability of the Westfall Act's savings clause because the 2011 Decision did not refer to failure-to-exhaust as a basis for dismissal. See Cuello, 2013 WL 1338839, at *4 (construing a Bivens cause of action as an FTCA claim where the government certified the employees were acting within the scope of their employment, and the Bivens actions were dismissed for reasons unrelated to the exhaustion requirements of the FTCA). It bears noting that the Government did raise the failure to exhaust administrative remedies in its opposition to Plaintiff's request to amend the 2010 Complaint. The 2010 Complaint, as noted above, contained sufficient factual matter to state a plausible FTCA

claim, although that legal theory was not labeled as such by D'Alessandro. And, as discussed above, the necessary substitution occurred upon the filing of the Certification, and the 2010 Complaint should have been construed as raising an FTCA claim. At that time, D'Alessandro had not submitted a claim to the appropriate Federal agency. Thus, any FTCA claim would have been subject to dismissal for failure to exhaust administrative remedies. Following the dismissal of the 2010 Action on December 12, 2011, D'Alessandro had 60 days to present his FTCA claim to the appropriate agency; he met this deadline when he filed his notice of claim for damages with ICE on February 8, 2012, less than 60 days from the date the 2010 Action was dismissed. See 28 U.S.C. § 2679(d)(5). D'Alessandro's FTCA claim accordingly relates back to the date the 2010 Action was commenced, November 18, 2010. Therefore, the Court considers it to have been timely filed under 28 U.S.C. § 2401(b).

## V. Conclusion

For the foregoing reasons, the Court **rejects** the R&R (2013 Docket No. 57) and **grants in part and denies in part** the Government's Motion to Dismiss (2013 Docket No. 31). Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss is **granted** to the extent that all individual defendants are dismissed with prejudice pursuant to 28 U.S.C. § 2679(b)(1), and the sole remaining

defendant is the United States. The Clerk of Court is directed to amend the official caption accordingly. It is further

**ORDERED** that the Motion to Dismiss is **granted** to the extent that D'Alessandro is limited to recovery of no more than $1.8 million, pursuant to 28 U.S.C. § 2675(b), in the event that he prevails on his FTCA claim. It is further

**ORDERED** that the Motion to Dismiss is **denied** in all other respects. The 2013 Complaint is deemed timely filed, and the Government is directed to serve a responsive pleading to the 2013 Complaint within thirty (30) days of the date of entry of this Decision and Order.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     June 18, 2019
            Rochester, New York